IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

EARL T. HOLMES,

Defendant.                                                No. 10-30018-DRH

**ORDER**

**HERNDON, Chief Judge:**

      Before the Court is Defendant Holmes' Motion to Continue (Doc. 15). Specifically, Defendant asks that the trial currently set for April 26, 2010 be continued as Defendant's counsel just recently entered his appearance on April 8, 2010 and received discovery in this case and has not had sufficient time to review the materials with Defendant. Based on the reasons in the motion, the Court finds that the trial should be continued in order to allow Defendant additional time in which to prepare for trial. Further, the Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interests of the public and Defendant in a speedy trial. To force a defendant to trial without adequate time to prepare would constitute a miscarriage of justice.

      Accordingly, the Court **GRANTS** Defendant's motion to continue (Doc. 15). The Court **CONTINUES** the trial currently scheduled for April 26, 2010 until **June 22, 2010 at 9:00 a.m.** The time from the date the motion was filed, April 15,

2010, until the date on which the trial is rescheduled, June 22, 2010, is excludable for purposes of a speedy trial.

In continuing this trial, the Court also notes that Defendant Holmes was previously given twenty-one (21) days from the date of his arraignment in which to file pre-trial motions and complete discovery.  According to a recent Supreme Court decision, **Bloate v. United States, No. 08-728, – S. Ct. –, 2010 WL 7576600, at * 11 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161 (h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**.  **See Bloate, 2010 WL 757660, at * 5**.  In light of the recent decision, the Court finds that the time granted to Defendant for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. § 3161(h)(7)(A)** as the ends of justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial.  To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice.  Therefore, for purposes of the Order issued March 11, 2010, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 8), the Court notes that the time from the arraignment, March 10, 2010, until the date on which the twenty-one days expired, March 31, 2010, is excludable time for the purposes of a speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at

the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 16th day of April, 2010.

/s/  David R Herndon

**Chief Judge**
**United States District Court**